IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES C. SEVEDGE, et. al. | * | |
| | * | |
| v. | * | Civil No. JFM-02-2683 |
| | * | |
| HARVEY FRANSEN | * | |
| | * | |

\*\*\*\*\*

MEMORANDUM

On December 18, 2001, Defendant Harvey Fransen was served with a complaint filed by plaintiffs in the Circuit Court of Anne Arundel County, Maryland. The defendant had thirty days in which to file a notice of removal. See 28 U.S.C. § 1446. Defendant chose not to remove the case and, instead, filed a preliminary motion to dismiss. On June 20, 2002, the Circuit Court granted defendant's motion to dismiss, with leave to amend. Plaintiffs filed an amended complaint on July 22, 2002, and defendant subsequently removed the case to federal court. Plaintiffs then filed the motion for remand now before me.

I will grant plaintiffs motion and remand this case to the Circuit Court of Anne Arundel County. Based on diversity jurisdiction, this case was removable when defendant was initially served with the complaint on December 18, 2001. See 28 U.S.C. § 1332. The time period for removal expired on January 18, 2002, and defendant chose not to pursue removal at that time. See 28 U.S.C. § 1446. Defendant claims the filing of the amended complaint has reset the clock and given him a new 30 day period in which to remove the case to this court. This would only be true if plaintiff's amended complaint had created a substantially new cause of action. See Gerety v. Inland Newspaper Representatives, Inc., 152 F. Supp. 31, 32-33 (S.D.N.Y. 1957)

(refusing to remand because the amended complaint had stated a "new and different cause of action"). Nothing in plaintiffs' amended complaint has created a substantially new cause of action.

Defendant has failed to point out the manner in which the amended complaint substantively differs from the original. The amended complaint is certainly longer than the original, with the factual basis for the allegations set forth in greater detail, but the gravamen of the complaint remains the same. See City of Waterbury v. H.L. Yoh Co., 253 F. Supp. 778, 779 (D. Conn. 1966) (granting motion to remand because gravamen of the complaint remained the same). While plaintiff has adjusted his argument slightly, presumably to conform to the ruling of the Circuit Court, nothing of substance has been affected by this adjustment. I will therefore grant plaintiff's motion to remand this case to the Circuit Court of Anne Arundel County, Maryland.

A separate order is attached herewith.

Date: November 1, 2002

_____
J. Frederick Motz
United States District Judge